STEPHEN J. WINDHORST, Judge.
1 ¡.Plaintiffs, Aida Mercedes Pazmino, Consuelo Pazmino, Cecilia Delcarmen Paz-mino and Sergio Antonio Pazmino, appeal from a ruling of the trial court granting summary judgment in favor of defendants, Succession of Henrietta Christmas Pazmi-no and Anya M. Bureau, finding that the transfer of the land and improvements located at 1000 Melody Drive, Metairie, Louisiana, was a true and valid sale, and declaring that plaintiffs are not entitled to rescind the sale. We reverse the ruling of the trial court and remand for further proceedings.
The undisputed facts show that Sergio Pazmino (“Mr. Pazmino”) was married to Henrietta Christmas Pazmino (“Mrs. Pazmino”). Of that union, no children were born. The plaintiffs are Mr. Pazmino’s children from a prior marriage. On July 9, 1982, Mr. Pazmino executed an Act of Donation, giving a one-half interest in his separate property located at 1000 Melody Drive, Metairie, Louisiana to Mrs. Pazmino.
Mr. and Mrs. Pazmino lived together at lathe Melody Drive property until Mr. Paz-' mino’s death on August 16, 1990. Prior to his death, Mr. Pazmino executed a testament, giving Mrs. Pazmino as his wife, usufruct over his one-half interest in the Melody Drive property. The testament also stated that “I expressly grant to Henrietta Christmas Pazmino, as usufructuary, the right to sell, mortgage, lease or otherwise dispose of all assets subject to the usufruct, whether the assets are consumable or nonconsumable things. Such disposition shall not require the consent of the naked owners.” The testament specifically provided that in the event of such disposition, the usufruct did not terminate but attached to the proceeds thereof. The testament further provided that Mr. Pazmino left his entire estate to his four children in equal portions, subject to the usufruct of Mrs. Pazmino.
In 2010, Mrs. Pazmino stopped living at the Melody Drive property when she entered the Jefferson Healthcare Center. Mrs. Pazmino executed a Power of Attorney which gave her niece, Rebecca Jessup, the authority to sell property owned by Mrs. Pazmino. Ms. Jessup entered into a contract to sell the property to Mrs. Paz-mino’s great niece, Anya Bureau, for $124,000.00, with $16,000.00 as a deposit and a balance of $109,000.00 to be paid over the next 15 years. The Credit Sale and Mortgage document was signed on March 22, 2011. According to Ms. Jess-up’s affidavit, Mrs. Pazmino was aware of the sale and consented to its terms.
On July 11, 2011, Ms. Jessup engaged the services of Demand Realty in order to lease the Melody Drive property. Her signature on the property management agreement reads “Rebecca Jessup POA.” However there is nothing in the agreement to indicate on whose behalf Ms. Jessup acted, and nothing to show whether Mrs. Pazmino or Ms. Bureau is the owner of the property. In addition, no document exists in the record to show that Ms. Bureau gave any power of attorney to Ms. Jessup. *300 The property has been leased continuously since then.
|4Mrs. Pazmino died on November 30, 2011. Plaintiffs instituted suit for an accounting, seeking to rescind the sale of the property to Ms. Bureau. Defendants filed a motion for summary judgment, the grant of which led to this appeal. In this appeal, plaintiffs contend that there are genuine issues of material fact on the issue of whether the “purported transaction was a sale and not a simulation.”
A motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any admitted for the purposes of the motion for summary judgment, show that there is no genuine- issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966. Appellate review of the granting of a motion for summary judgment is de novo, using the identical criteria that govern the trial court’s consideration of whether summary judgment is appropriate. State v. La. Land & Exploration Co., 12-0884 (La.01/30/13), 110 So.3d 1038, 1044.
La. C.C. art. 2480 provides that “When the thing sold remains in the corporeal possession of the seller the sale is presumed to be a simulation, and, where the interest of heirs and creditors of the seller is concerned, the parties must show that their contract is not a simulation.”
Simulations are of two types: pure simulations, and disguised transfers. In a pure simulation, sometimes called a non-transfer, the parties only pretend to transfer the property from one to the other, but in fact both transferor and transferee intend that the transferor retain ownership of the property. When this type of simulation is successfully attacked, the true intent of the parties is revealed, which was that no transfer had in fact taken place. In a contest between a vendor and vendee in this situation the true intent of the parties is effectuated and the courts hold that no transfer took place because the simulated sale is an absolute nullity. The other type of simulation is a disguised transfer which seems on its face to be a valid sale, but which is intended by the parties to be a gift rather than a sale. (Citations omitted.)
Owen v. Owen. 336 So.2d 782, 787 (La.1976).
[SA simulation is a feigned or pretended sale clothed with the formalities of a valid sale. In order to determine whether or not a sale is simulated, the court must determine (1) whether the parties acted in good faith; (2) whether there was an actual intention to transfer property;' and (3) whether any consideration was given for the transfer. If any consideration is given no matter how small, there is a confirmation of the reality of the sale. (Citations omitted.)
Fritscher v. Justice, 472 So.2d 105, 107 (La.App. 5th Cir.1985).
According to the Fritscher court, there are two bases for the presumption of a simulated sale. The first, based on La. C.C. art. 2480, is when the seller remains in possession of the property.' The second arises when the party asserting the simulation produces evidence which creates a highly reasonable doubt or suspicion concerning the honesty or validity of the transaction. If the plaintiff makes a prima facie showing of simulation, then the burden shifts to the defendant to demonstrate the validity of the transaction. 472 So.2d at 107.
In this case, we find that there are genuine issues of material fact outstanding, and that the trial court erred in granting summary judgment. According to the *301 record before us, while it is asserted that the property was sold to Ms. Bureau, the rental agreement indicates that Ms. Jessup is still in possession of the property. Ap-pellees contend that Ms. Jessup is acting on behalf of Ms. Bureau. However, there is no evidence in the record giving Ms. Jessup authority to act on Ms. Bureau’s behalf. While Ms. Bureau lives in Ohio, the record shows that Ms. Jessup lives in North Carolina, and is likewise not in the area. In addition, while it is alleged that Ms. Bureau is making mortgage payments, there is nothing in the record to show whether the payments are coming from Ms. Bureau’s account, or from the rental profits of which Ms. Jessup retains control. Appellants contend that the facts relating to the sale of the property and the subsequent lease are, on their face, so unfair to Mrs. Pazmino that they create material issues of fact as to | fiwhether the sale was a simulation, and whether Ms. Jessup entered into the lease agreement on behalf of Mrs. Pazmino.
We find that there are genuine issues of material fact which, if proved, would cast doubt or suspicion on whether the sale was a transaction transferring ownership to Ms. Bureau, or a simulation designed to maintain first Mrs. Pazmino’s ownership, and second, her succession ownership in the property.
In addition, while not compelling in and of itself, the fact that the property sold for significantly less than its alleged appraised value creates doubt or suspicion on the validity of the transfer.
Moreover, even in the absence of genuine issues of material fact, the party moving for summary judgment must still show that he is “entitled to judgment as a matter of law.” La. C.C.P. art. 966 B(2). The presumptions in Fritscher apply in this case, and if unrebutted, appellees would not be entitled to judgment as a matter of law.
For the above reasons, the trial court’s ruling granting summary judgment in favor of defendants/appellees, Succession of Henrietta Christmas Pazmino and Anya M. Bureau, is reversed, denying summary judgment, and this case is remanded for further proceedings.
REVERSED AND REMANDED